

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jessica R. Ecker*
*Assistant United States Attorney*

*970 Broad Street, 7th Floor*
*Newark, New Jersey 07102*
*(973) 645-2700*

March 13, 2025

**Via ECF**

Hon. James B. Clark
United States Magistrate Judge
Martin Luther King Jr. Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Re:    *United States v. Abdul Rauf*
>         Mag. No. 22-12096 (JBC)

Dear Judge Clark:

Please accept this letter brief in lieu of a more formal submission in response to Mr. Abdul Rauf's February 10, 2025 letter requesting that the Court strike, expunge, and/or seal all records pertaining to Mag. No. 22-12096 (the "Motion"). For the following reasons, the Government respectfully submits that the Motion should be denied.

## Background

On April 11, 2022, the Government filed a one-count criminal complaint against six individuals, including Rauf, alleging that they each conspired to violate the Anti-Kickback Statute, contrary to 42 U.S.C. § 1320a-7b(b)(1), in violation of 18 U.S.C. § 371. Dkt. No. 1.

On August 3, 2023, the Government sought leave of Court to dismiss the complaint against Rauf without prejudice on the basis that further prosecution was "not in the interests of the United States at this time," which the Court granted. Dkt. No. 115.

On February 26, 2025, Rauf filed the instant Motion, arguing that the criminal docket associated with the dismissed complaint adversely affect his

employment and business prospects and his ability to secure mortgage loans and refinancing, which, in turn, has rendered it difficult for him, as his family's sole provider, to support his family, including his two young children. Dkt. No. 119.

## Argument

As explained below, the Court should deny the Motion because (i) the Court lacks jurisdiction to expunge the records, and (ii) Rauf's grounds for sealing cannot overcome the strong presumption of access to public records.

### (i) Expungement

As an initial matter, this Court lacks jurisdiction to grant the Motion by expungement. District Courts have jurisdiction over expungement requests "only when the validity of the underlying criminal proceeding is challenged." *United States v. Rowlands*, 451 F.3d 173, 177-179 (3d Cir. 2006) (denying motion to expunge criminal record and declining to follow cases in other Circuits whether expungement was warranted because "retention of criminal records would result in denial of future jobs"). Here, Rauf does not challenge the validity or legality of the underlying criminal proceeding that was initiated against him (such as a lack of probable cause to arrest him), so there would be no basis on which this Court could exercise jurisdiction. *See United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001) (denying motion to expunge following trial acquittal and holding "[i]n the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in acquittal").

Moreover, even if the Court could, in its equitable discretion, expunge the records, as may be permissible in other Circuits, *see United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977), that "equitable power to expunge is a narrow one, which should be exercised only in extreme circumstances," *United States v. Doe*, 935 F. Supp. 478, 480-81 ( S.D.N.Y. 1996) (finding extreme circumstances existed based on age of conviction, "actual impact" on employment, and fact that it was a juvenile conviction that had since been set aside).

The circumstances that Rauf cites in his Motion are not extraordinary. Rather, his complaints regarding adverse employment consequences (some actual, some speculative) and loss of financial opportunities are precisely the kinds of general consequences of having an arrest record that courts routinely conclude do not warrant expungement. *See Wadipian v. United States*, 2011 WL 1464179, at *2 (E.D.N.Y. Apr. 15, 2011)("hampering ability to obtain employment" does not warrant expungement and similar circumstances "routinely denied"); *Fernandez v. United States*, No.09-mc-326, 2009 WL 2227140 (E.D.N.Y. July 24, 2009) ("Where a

record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement.").

Accordingly, the Motion should be denied as to expungement.

**(ii) Sealing**

This Court also should deny Rauf's Motion as to sealing because the proffered grounds for sealing the docket–*i.e.*, the same adverse employment and financial consequences–do not outweigh the strong presumption in favor of the public's common law right to access judicial proceedings and records.

In criminal and civil cases, there is a strong presumption in favor of "the common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192-194 (3d Cir. 2001) (citations omitted). A party seeking to seal court records must overcome that presumption and "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 194 (citations omitted). Additionally:

> In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. The strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.

*Id.* (citations and alterations omitted).

Here, Rauf's proffered reasons for seeking sealing do not overcome the strong presumption in favor of public access to court records. In fact, the consequences cited by Rauf are not meaningfully different from those that any individual who was arrested, but ultimately not prosecuted, would face. Thus, if granted, sealing would become the rule rather than the exception.

Additionally, the records that Rauf seeks to seal have been publicly available since 2022. As courts in this District recognize, "[w]hile a short delay in moving to seal might not, in appropriate circumstances, preclude sealing, allowing documents to remain in the public domain for months without objection forecloses such relief" because "[p]ublic disclosure cannot be undone." *Fertakos v. Telebrands, Inc.*, No. 15-CV-2855 (MCA) (LDW), 2024 WL 4818089, at *3 (D.N.J. Nov. 18, 2024) (quoting *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016)).

Thus, the Motion also should be denied as to sealing.

## Conclusion

For the reasons stated above, the Government respectfully requests that the Court deny Rauf's Motion.

Respectfully submitted,

JOHN GIORDANO
United States Attorney


*/s/ Jessica R. Ecker*
By:    Jessica R. Ecker
       Assistant U.S. Attorney


cc:        Abdul Rauf (via certified mail)

- 4 -