UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MAGISTRATE NO. 22-12096 (JBC) |
| v. | : | |
| ABDUL RAUF | : | OPINION AND ORDER |
| | : | |
| | : | |

THIS MATTER comes before the Court on a Motion by Defendant Abdul Rauf asking the Court to strike, expunge, and/or seal all records pertaining to the above-captioned criminal case. See Docket No. 119. The United States of America had responded and argues that the Motion should be denied. See Docket No. 120. The Court has reviewed Defendant's Motion, the response of the United States of America, and all other pertinent documents, and the Court decides this motion without oral argument. For the reasons outlined herein, the Defendant's Motion is denied.

**I.     Background**

On April 11, 2022, the United States filed a one-count criminal complaint against six individuals, including Defendant, alleging that they each conspired to violate the Anti-Kickback Statute, contrary to 42 U.S.C. § 1320a-7b(b)(1), in violation of 18 U.S.C. § 371. See Docket No. 1. Subsequently, on August 3, 2023, the United States sought leave of Court to dismiss the complaint against Rauf without prejudice on the basis that further prosecution was "not in the interests of the United States at this time," a request which the Court granted. See Docket No. 115. Thereafter, on February 26, 2025, Defendant filed the present Motion, claiming that the criminal docket associated with the dismissed complaint adversely affected his employment and business prospects and his ability to secure mortgage loans and refinancing which, in turn, has rendered it difficult for him, as his family's sole provider, to support his family, including his two young children. See Docket No. 119.

1

## II. Analysis

The Defendant's motion includes two requests: first, that the Court strike and/or expunge the records pertaining to his criminal case; and second, in the alternative, that the Court seal those same records. As explained below, the Court will deny the Motion to strike and/or expunge because it lacks jurisdiction to take such action in this case. The Court will further deny Defendant's Motion for sealing because it does not overcome the strong presumption of access to public records.

### A. Expungement

In his moving papers, Defendant does not offer the legal basis for his request that the subject records be stricken or expunged. In response, however, the United States notes that this District Court lacks jurisdiction to grant the present Motion by expungement, oberserving that District Courts in the Third Circuit have jurisdiction over expungement requests "only when the validity of the underlying criminal proceeding is challenged." *United States v. Rowlands*, 451 F.3d 173, 177-179 (3d Cir. 2006) (denying motion to expunge criminal record and declining to follow cases in other Circuits whether expungement was warranted because "retention of criminal records would result in denial of future jobs").

The United States is correct. The *Rowlands* decision is unequivocal in its conclusion that District Courts in this Circuit do not have jurisdiction to strike/expunge criminal records where the validity of the subject criminal proceeding is not challenged. Here, Defendant does not raise in his moving papers any challenge to the validity or legality of the underlying criminal proceeding that was initiated against him. Therefore, Defendant's Motion to strike/expunge the subject records is denied.

### B. Sealing

Defendant also fails to offer in his moving papers a legal basis for his request that the subject records should be sealed. The United States urges, however, that Defendant's Motion as to sealing should be denied because the proffered grounds for sealing the docket – adverse employment and financial consequences -- do not outweigh the strong presumption in favor of the public's common law right to

access judicial proceedings and records. The United States notes that there is a strong presumption in favor of the "common law public right of access to judicial proceedings and records" and that a party seeking to seal court records must overcome this presumption and "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 192-194 (3d Cir. 2001) (citations omitted). The United States further observes that specificity is key in delineating the injury to be prevented, that the public interest in access to the records must be weighed against the injury to be prevented, and that the party who seeks to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs that presumption. *Id.* (citations omitted).

The United States is again correct that Defendant's proffered reasons for seeking sealing do not overcome the strong presumption in favor of public access to court records. In fact, as the United States points out, the consequences cited by Defendant are not meaningfully different from those that any individual who was arrested, but ultimately not prosecuted, would face. Thus, if granted, sealing would become the rule rather than the exception. Accordingly, Defendant's Motion to seal the subject records is denied.[1]

### III. Conclusion

In sum, the Court denies Defendant's Motion to strike and/or expunge because it lacks jurisdiction to take such action in this case. In addition, the Court denies Defendant's Motion for sealing because Defendant does not overcome the strong presumption of access to public records.

---

[1] Of additional note is the observation by the United States that the records that Defendant seeks to seal have been publicly available since 2022. As courts in this District recognize, "[w]hile a short delay in moving to seal might not, in appropriate circumstances, preclude sealing, allowing documents to remain in the public domain for months without objection forecloses such relief" because "[p]ublic disclosure cannot be undone." *Fertakos v. Telebrands, Inc.*, No. 15-CV-2855 (MCA) (LDW), 2024 WL 4818089, at *3 (D.N.J. Nov. 18, 2024) (quoting *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016)).

THEREFORE, for all of the foregoing reasons, and good cause appearing,

IT IS on this 29th day of April, 2025,

ORDERED that the Motion by Defendant Abdul Rauf asking the Court to strike, expunge, and/or seal all records pertaining to the above-captioned criminal case be and the same is herewith denied.

s/James B. Clark III<br>
HON. JAMES B. CLARK III<br>
United States Magistrate Judge